IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ELIA AZAR** and **DEAN ALFANGE**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**BLOUNT INTERNATIONAL, INC., JOSHUA L. COLLINS, DAVID A. WILLMOTT, ROBERT E. BEASLEY, JR., RONALD CAMI, ANDREW C. CLARKE, NELDA J. CONNORS, E. DANIEL JAMES, HAROLD E. LAYMAN, MAX L. LUKENS, and DANIEL J. OBRINGER**,<br><br>Defendants. | Case No. 3:16-cv-483-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

On April 9, 2019, Plaintiffs filed the parties' proposed Stipulation of Settlement resolving the putative securities class action against Defendant Blount International, Inc. ("Blount") and certain of its Board members and executives. When parties to a putative class action purport to settle the case, the plaintiffs generally file a motion for preliminary approval of the settlement, explaining why the settlement is fair, adequate, and reasonable and should be approved by the Court. No such motion was filed in this case. Exhibits to the Stipulated Settlement, however, include a proposed order preliminarily approving the settlement, a detailed notice to class

PAGE 1 – ORDER

members of the settlement and attorney's fees request ("Detailed Notice"), a summary notice to class members of the settlement and attorney's fees request, and a proof of claim form. Accordingly, although this is not the Court's preferred procedure, the Court will construe Plaintiffs' filing as a motion for preliminary approval of the settlement, including approval of the notice to shareholders and the proposed method of notice.

A class action settlement must be fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2). When, as here, parties reach an agreement before class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In considering the adequacy of the proposed notice of the proposed settlement, courts evaluate whether the notice is the "best notice practicable under the circumstances" and comports with due process requirements. *See, e.g.*, *In re Zynga Inc. Sec. Litig.*, 2015 WL 6471171, at *13 (N.D. Cal. Oct. 27, 2015). The notice must also clearly apprise class members of their right to object to the attorney's fees, costs, and incentive awards sought. *Id.*

Although the Court preliminarily finds that the terms of the settlement agreement are fair, reasonable, and adequate, the Court DENIES Plaintiffs' motion for preliminary approval of the proposed settlement agreement and proposed notice because the Court finds that the proposed *notice* not to be fair, reasonable, and adequate, or to provide the best notice practicable. The proposed Detailed Notice is insufficient because it does not provide sufficiently conspicuous notice that shareholders may object to *attorney's fees and expenses*, for the following reasons:

1. On page three, the chart setting forth "Your Legal Rights and Options in this Settlement" states that class members may "Object to the Settlement" instead of notifying class members that they may "Object to the Settlement and Attorney's Fees and Expenses";

PAGE 2 – ORDER

2.      That same chart explains that the way for a class member to object to the settlement is to "Write to the Court about why you don't like the Settlement" instead of to "Write to the Court about why you don't like the Settlement or the requested Attorney's Fees and Expenses"; and

3.      On page four, the Table of Contents heading "Objecting to the Settlement" should include "Objecting to the Settlement or Attorney's Fees and Expenses" and number 18 should state, "How do I tell the Court that I do not like the Settlement or amount of attorney's fees"; and

4.      On page 12, the heading for number 18 should state, "How do I tell the Court that I do not like the Settlement or amount of attorney's fees?".

## CONCLUSION

For the reasons stated in this Order, the Court DENIES without prejudice what it has construed as Plaintiffs' motion for preliminary approval of proposed settlement (ECF 142). If Plaintiffs want the Court to preliminarily approve the parties' settlement, Plaintiffs must cure the deficiencies in the Detailed Notice identified in this Order and file an amended motion for preliminary approval.

**IT IS SO ORDERED**.

DATED this 19th day of April, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge