# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ELIA AZAR** and **DEAN ALFANGE**, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>**BLOUNT INTERNATIONAL, INC., JOSHUA L. COLLINS, DAVID A. WILLMOTT, ROBERT E. BEASLEY, JR., RONALD CAMI, ANDREW C. CLARKE, NELDA J. CONNORS, E. DANIEL JAMES, HAROLD E. LAYMAN, MAX L. LUKENS,** and **DANIEL J. OBRINGER**,<br><br>       Defendants. | Case No. 3:16-cv-0483-SI<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND NOTICE PROCEDURES; AND SETTING FINAL APPROVAL HEARING** |

**Michael H. Simon, District Judge.**

WHEREAS, a stockholder class action is pending before the Court captioned *Azar v. Blount International, Inc., et al.*, Case No. 3:16-cv-0483-SI (the "Action");

WHEREAS, the Court has received the Stipulation of Settlement dated as of April 23, 2019 (the "Stipulation"), that has been entered into by Lead Plaintiffs (on behalf of itself and each of the Class Members) and Defendants, and the Court had reviewed the Stipulation and its attached Exhibits (ECF 145);

WHEREAS, the Parties having made a joint application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for the Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all terms and initial capitalization contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    After a preliminary review, the Settlement appears to be fair, reasonable, adequate, and in the best interests of the Class. The Settlement: (a) resulted from extensive arm's-length negotiations; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement. Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons who held Blount common stock continuously from March 4, 2016, the record date for voting on the Transaction, through April 12, 2016, when the Transaction was completed. Excluded from the Class are Defendants, the Purchasers, the officers and directors of the Company at all relevant times, members of the immediate families of the Individual Defendants and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest, and any Person who timely and validly seeks exclusion from the Class.

PAGE 2 – ORDER

3.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are preliminarily certified as the class representatives and Johnson Fistel, LLP and Levi & Korsinsky, LLP are preliminarily certified as Lead Counsel.

5.      A hearing (the "Final Approval Hearing") shall be held before this Court on September 9, 2019, at 10:00 a.m., in Courtroom 15B at the Mark O. Hatfield United States Courthouse, 1000 Southwest Third Avenue, Portland, OR 97204, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Class Members and should be approved by the Court; whether a Judgment as provided in ¶ 1.18 and ¶ 8.1 of the Stipulation should be entered herein; and to determine the amount of attorneys' fees and expenses that should be awarded to Lead Plaintiffs' counsel and the amount that Lead Plaintiffs should be awarded for their expenses, including lost wages. The Court may continue or adjourn the Final Approval Hearing without further notice to Class Members.

6.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim and Release"), and Summary Notice for publication annexed as Exhibits B, C, and D, respectively, to the Stipulation (ECF 145-2, 145-3, and 145-4). The Court finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 7-8 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.     The firm of Epiq Class Action & Claims Solutions, Inc. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Class, and not later than May 13, 2019 (the "Notice Date"), the Claims Administrator shall commence mailing copies of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits B and C to the Stipulation, to all Class Members who can be identified with reasonable effort;

(b) Not later than May 23, 2019, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed to the Stipulation as Exhibit D, to be published once in *Investor's Business Daily* and transmitted once over a national newswire service;

(c) Not later than the Notice Date, the Claims Administrator shall post the Stipulation and all of its Exhibits on a case dedicated website, www.blountinternationalsettlement.com, which will be set forth in the Notice; and

(d) At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defense Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.     Nominees who purchased the common stock of Blount for the beneficial ownership of Class Members shall send the Notice and the Proof of Claim and Release to all beneficial owners of such securities within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten

(10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly

mail the Notice and Proof of Claim and Release to such beneficial owners. Lead Counsel shall, if

requested, reimburse nominees solely for their reasonable costs incurred in providing notice to

beneficial owners who are Class Members out of the Settlement Fund, which expenses would not

have been incurred except for the sending of such notice, subject to further order of this Court

with respect to any dispute concerning such compensation.

9.      All Class Members shall be bound by all determinations and judgments in the

Action concerning the Settlement, whether favorable or unfavorable to the Class.

10.     Any Member of the Class may enter an appearance in the Action, at their own

expense, individually or through counsel of their own choice. If they do not enter an appearance,

they will be represented by Lead Counsel.

11.     Class Members who wish to participate in the Settlement shall complete and

submit Proofs of Claim and Release in accordance with the instructions contained therein. Unless

the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than

ninety (90) calendar days from the Notice Date. Any Class Member who does not timely submit

a Proof of Claim and Release within the time provided for shall be barred from sharing in the

distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court,

but shall in all respects be bound by the release contained in the Stipulation and Judgment.

Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to

accept late submitted claims for processing by the Claims Administrator so long as distribution

of the Net Settlement Fund is not materially delayed thereby.

12.     Any Class Member may, upon request, be excluded from the Class. Any such

Person must submit to the Claims Administrator a request for exclusion ("Request for

Exclusion"), postmarked no later than August 19, 2019. A Request for Exclusion must provide the following information to the Claims Administrator: (a) name; (b) address; (c) telephone number; (d) amount of Blount common stock held on the record date, March 4, 2016; and (e) a statement that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action. Unless otherwise ordered by the Court, any Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

13.     Any Member of the Class may appear and show cause if he, she, or it has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why the Judgment should or should not be entered thereon, or why Lead Counsel's request for an award of attorneys' fees and expenses, including Lead Plaintiffs' expenses, as provided for by 15 U.S.C. §78u-4(a)(4) should or should not be awarded. However, any Class Member seeking to object to the Settlement or to Lead Counsel's request for an award of attorneys' fees and expenses, including Lead Plaintiffs' expenses, *must* file with the Court and serve on Lead Counsel and Defense Counsel (as identified in the Notice) by hand delivery, U.S. mail, or similar fashion, written objections and copies of any papers and briefs on or before August 19, 2019. Any Class Member who fails to object in a timely fashion and in the manner prescribed shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to any aspect of the Settlement as set forth in the Stipulation, the allocation, the request for attorneys' fees and reimbursement of litigation expenses, or the request for a compensatory award to the Lead Plaintiffs, unless otherwise ordered by the Court.

14.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15.    All papers in support of the Settlement and any application by Lead Counsel for an award of attorneys' fees or expenses, including Lead Plaintiffs' request for payment of its expenses as provided for by 15 U.S.C. §78u-4(a)(4), shall be filed and served on or before July 25, 2019. These documents shall also be posted on the case dedicated website, www.blountinternationalsettlement.com. Any reply briefs and supporting documents shall be filed and served on or before July 25, 2019.

16.    The Defendants and their respective Related Parties shall have no responsibility for, interest in, or liability with respect to, the distribution of the Settlement Fund, any investment or distribution of the Settlement Fund, the determination, administration, or calculation of claims, final awards, the timing, supervision and distribution of the Settlement Fund, any application for attorneys' fees and expenses, the payment or withholding of Taxes, or any losses incurred in connection therewith.

17.    At or after the Final Approval Hearing, the Court shall determine whether any application for attorneys' fees or expenses, and any application for an award of Lead Plaintiffs' expenses, including lost wages pursuant to 15 U.S.C. §78u-4(a)(3)(4), shall be approved.

18.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither

the Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶ 2.2.3 or 2.2.5 of the Stipulation.

19.    Neither the Stipulation, nor any of its terms or provisions, whether or not consummated, nor any of the negotiations or proceedings connected with it, shall be offered or received as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants or their Related Parties or Lead Plaintiffs with respect to the truth of any fact alleged by the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any Defendant.

20.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

**IT IS SO ORDERED**.

DATED this 29th day of April, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge